Julie Cavanaugh-Bill, Nevada Bar No. **11533**
HC 30, Box 260
Spring Creek, NV 89815
Phone: 775-744-2565
Fax: 775-744-2595
E-Mail: juliecavanaughbill@igc.org

James J. Tutchton, *Pro Hac Vice Application to Be Filed*
General Counsel
WildEarth Guardians
1536 Wynkoop Street, Suite 301
Denver, CO 80202
Tel: (720) 301-3843
Email: jtutchton@wildearthguardians.org


*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILDEARTH GUARDIANS, | ) | Case No. 10-cv-53 |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR |
| | ) | DECLARATORY AND |
| v. | ) | INJUNCTIVE RELIEF |
| | ) | |
| KEN SALAZAR, | ) | |
| in his official capacity as Secretary, | ) | |
| United States Department of the Interior, | ) | |
| | ) | |
| Defendant. | ) | |

1

<u>INTRODUCTION</u>

1.      Water is life in the arid Sagebrush Sea covering the majority of Nevada.  No creature knows this more than the native fish surviving in the area's remaining streams and rivers.  In the narrowest view this lawsuit is an effort to save one of those native fish, the Northern Leatherside Chub (*Lepidomeda copei*) ("Chub") from extinction.  In a larger view, this lawsuit is about the health of the Sagebrush Sea's life sustaining rivers and what this small fish may be trying to tell us about our management of this precious resource.

2.      Plaintiff, WildEarth Guardians ("Guardians") brings this action against Defendant, Ken Salazar, Secretary, United States Department of the Interior, in his official capacity, to force him to carry out his duties under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 <u>et seq</u>.  Secretary Salazar (the "Secretary," or alternatively, the U.S. Fish and Wildlife Service or "FWS," the agency to which the Secretary has delegated his responsibilities in this case) has failed to comply with his mandatory duty to make a "12-month finding" on Guardians' Petition to list the Chub as an endangered or threatened species under the ESA and to designate its critical habitat.  This lawsuit seeks to force the Secretary to make the overdue finding on Guardians' Petition.

<u>JURISDICTION AND VENUE</u>

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 16 U.S.C. §§ 1540(c) and (g) (action arising under the ESA and citizen suit provision).

4.      This Court has authority to grant Guardians' requested relief pursuant to the

Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA").

5. More than 60 days ago, Guardians furnished FWS with written notice of its violation of the ESA and of Guardians' intent to sue. See 16 U.S.C. § 1540(g)(2).

6. FWS has not remedied its violation of the ESA by making the overdue finding on Guardians' Petition. Therefore an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2001.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A) because a significant part of the acts and omissions giving rise to Guardians' cause of action occur in this judicial district. The Chub lives in this judicial district.

PARTIES

8. Plaintiff WILDEARTH GUARDIANS sues on behalf of itself and its adversely affected members. Guardians is a non-profit environmental organization whose mission is to protect and restore wildlife, wild places, and wild rivers in the American West. Additionally, through its climate and energy program, Guardians works to protect clean air and to reduce human-caused climate change. Guardians has approximately 5,000 members, many of whom live or recreate in the habitat of the Chub. Guardians has an active endangered species protection campaign. As part of this campaign, Guardians has repeatedly urged FWS to list, and thereby protect, imperiled species, like the Chub, as threatened or endangered species under the ESA. Guardians filed its Petition to list the Chub in July 2007. Guardians spent significant time and resources preparing its Petition, filing an initial lawsuit to force a preliminary "90-day finding" on the Petition, and subsequently commenting on FWS's positive 90-day finding

3

concerning the Chub.  Guardians is injured by the FWS's failure to make statutorily required

decisions concerning the Petition in a timely manner.  Members of Guardians frequently use and

enjoy the Chub and its habitat for wildlife viewing, recreational, aesthetic, and scientific

activities and will continue to do so.  Guardians and its members are particularly concerned with

the conservation of the Chub and the ecosystem on which it depends for its survival.  Guardians

and its members have a substantial interest in this matter and are adversely affected by the

Secretary's failure to comply with the ESA.  The requested relief will redress Guardians' and its

members' injuries.

9.      Defendant, KEN SALAZAR, is the Secretary of the United States Department of

the Interior.  He has ultimate responsibility for implementation of the ESA.  He is sued in his

official capacity.  In this case, the Secretary has delegated his responsibilities to the U.S. Fish and

Wildlife Service ("FWS"), an agency within the U.S. Department of the Interior.

<u>THE ENDANGERED SPECIES ACT</u>

10.     In drafting the ESA, Congress found that "various species of fish, wildlife, and

plants in the United States have been rendered extinct as a consequence of economic growth and

development untempered by adequate concern and conservation," and that "other species of fish,

wildlife, and plants have been so depleted in numbers that they are in danger of or threatened

with extinction."  16 U.S.C. §§ 1531(a)(1) and (2).  Accordingly, Congress passed the ESA to

"provide a means whereby the ecosystems upon which endangered species and threatened

species depend may be conserved, [and] to provide a program for the conservation of such

endangered species and threatened species…."  16 U.S.C. 1531(b).

11.     To this end, the ESA requires FWS to list species of plants and animals that are

4

facing extinction as "threatened" or "endangered" and to designate protected "critical habitat" for each listed threatened or endangered species.  16 U.S.C. § 1533(a).  An "endangered species" is "any species which is in danger of extinction throughout all or a significant portion of its range…." 16 U.S.C. § 1532(6).  A "threatened species" is a species "which is likely to become an endangered species within the foreseeable future…." 16 U.S.C. § 1532(20).

12.     In order for the ESA to protect a species, FWS must first officially list the species as either threatened or endangered.  16 U.S.C. § 1533(a).  The listing process is the critical first step in the ESA's system of species' protection and recovery.  FWS must also designate the species' habitat as "critical habitat" for it to receive several important ESA protections.

13.     Any interested person can initiate the listing process by filing a petition to list a species with FWS.  16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

14.     Upon receipt of a petition to list a species, FWS is required to make an initial finding known as a "90-day finding."  Specifically, within 90 days of receipt, "to the maximum extent practicable," FWS must determine whether the petition presents "substantial scientific or commercial information indicating that the petitioned action may be warranted."  16 U.S.C. § 1533(b)(3)(A).  FWS's implementing regulations define "substantial information" as "that amount of information that would lead a reasonable person to believe that the measure proposed in the petition may be warranted."  50 C.F.R. § 424.14(b).

15.     If FWS finds that the petition presents substantial information (a "positive 90-day finding") FWS must publish its finding in the Federal Register and "shall promptly commence a review of the status of the species concerned."  16 U.S.C. § 1533(b)(3)(A).

16.     In the case of a positive 90-day finding, FWS has 12 months from the date that

5

the petition was received to make one of three findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but presently precluded by other pending proposals to list species of higher priority, provided that FWS is making expeditious progress in listing other species.  16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3).

17.     This second finding is known as a "12-month finding," and the Ninth Circuit has determined that the FWS does not have the discretion to extend the deadline for the "12-month finding" beyond the twelve-month period beginning on the date the petition was received by FWS.  Biodiversity Legal Foundation v. Badgley, 309 F.3d 1166 (9th Cir. 2002), Oregon Natural Resources Council v. Kantor, 99 F.3d 334 (9th Cir. 1996).

18.     If FWS makes a 12-month finding that the petitioned action is warranted, then it must publish a proposed rule to list the species as endangered or threatened in the Federal Register.  16 U.S.C. § 1533(b)(5).

19.     Within one year of the publication of a proposed rule to list a species, FWS must make a final decision on the proposal, or extend the deadline by up to six months in cases of scientific uncertainty.  16 U.S.C. § 1533(b)(6)(A).

20.     "Concurrently" with listing a species as threatened or endangered, FWS must designate critical habitat for the species to the maximum extent prudent and determinable.  16 U.S.C. §1533(a)(3)(A)(i), see also § 1533(b)(6)(C).

## THE NORTHERN LEATHERSIDE CHUB AND THE FAILURE TO RENDER A 12-MONTH FINDING UNDER THE ESA

21.     The Northern Leatherside Chub (*Lepidomeda copei*) is a small minnow that occurs within Nevada, Idaho, Utah, and Wyoming, in mid-elevation desert streams of the Bonneville Basin and portions of the upper Snake River drainage.  Chub populations have declined from historical levels and have suffered extirpation from some areas.  This fish has a leathery appearance due to its tiny scales.  The Chub has a trim, tapered body; rounded fins; and generally measures between three and five inches long (76-127 millimeters).  While both sexes of the Chub are bluish or silvery, during spawning they develop a golden-red coloring near the gill and between the eye and upper jaw.  Males also have orange or red coloring on some portions of their fins.  The Chub's maximum life span is approximately 8 years, and reproduction begins at 2 years old, or when the individual reaches approximately two inches (50 millimeters) in length.  Spawning generally occurs in spring, during periods of high water.  A female can lay more than 2,500 eggs, but the average is 1,813 eggs, a number that is influenced by the female's length and weight.  The Chub is pictured below.



**Photo of Northern Leatherside Chub by Eric Wagner, Utah Division of Wildlife Resources.**

22.     The Chub prefers to spawn on small cobble in uncovered pools and the upper portion of riffles, favoring substrates with a low portion of sand-silt or gravel.  This fish requires flowing water and cannot survive in lakes or reservoirs.  It prefers water temperatures of 60 to 68°F (15.6-20°C) and low-velocity, intermediate depth, main channels of streams.  Good Chub habitat has healthy riparian vegetation and intact streambanks.

23.     The Chub is imperiled by: habitat destruction and degradation resulting from irrigation, water diversion, and road crossings; non-native fish that prey on and compete with the Chub; and increasingly small, fragmented populations, which are at risk from demographic factors and catastrophic climate events such as fire, flood, and drought.  Climate change impacts may also threaten the Chub.  An additional threat to the Chub is the current lack of adequate regulatory protection due to water use laws within the Chub's range.

24.      To protect both the Chub and its disappearing habitat, on July 24, 2007,

8

Guardians petitioned FWS to list the Chub as a threatened or endangered species under the ESA. Guardians' Petition also requested the designation of critical habitat for the Chub.  FWS received Guardians' Petition to list the Chub on July 30, 2007.

25.     When FWS failed to make a 90-day finding on Guardians' Petition for approximately six months, on March 19, 2008, Guardians filed suit to force the Agency to make a "90-day" finding.  WildEarth Guardians v. Kempthorne, 1:08-cv-00472-CKK (D.D.C. 2008). After approximately a year of litigation, on March 13, 2009, Guardians and the Secretary resolved this initial deadline suit by entering into a court-approved settlement agreement that required FWS to make a 90-day finding on the Petition by August 9, 2009.  Id.

26.     On August 18, 2009, over two years after it received Guardians' Petition, FWS finally published a 90-day finding concerning the Chub.  74 Fed. Reg. 41649-662.  FWS concluded that Guardians' Petition for the Chub presented substantial scientific and commercial information indicating that the listing of the species might be warranted. FWS found that multiple threats may be imperiling the Chub, including: habitat loss and degradation from water developments, stream alterations, siltation, livestock, and non-native brown trout.  Id. at 41659.

27.     As a result of FWS's positive 90-day finding, the Agency was required to render a 12-month finding, 12-months from the date it received Guardians' Petition.  16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3).  FWS received Guardians' Petition on July 30, 2007. Accordingly, FWS should have made a 12-month finding by July 30, 2008.  However, FWS's two-year delay in rendering a positive 90-day find on the Petition cast the Agency into automatic violation of the mandatory 12-month deadline.

28.     On August 26, 2009, Guardians provided FWS with written notice of its intent to

sue the Agency for its failure to make a timely 12-month finding on Guardians' Petition to list

the Chub.  By letter dated September 24, 2009, FWS acknowledged that it received Guardians'

notice of intent to sue on August 31, 2009.  FWS's September 24, 2009 letter did not specify

when FWS would issue a 12-month finding for the Chub.

      29.     In connection with its August 18, 2009, positive 90-day finding for the Chub,

FWS solicited public comment and additional scientific information on the species.  74 Fed. Reg.

41649.  FWS requested all such public comment and additional scientific information be

submitted by October 19, 2009.  On October 19, 2009, Guardians provided additional comment

and scientific information to FWS concerning the Chub.

      30.     To date, FWS has not made a 12-month finding on Guardians' Petition to list the

Chub.

## CAUSE OF ACTION

### Violation of ESA

      31.     Each and every allegation set forth in this Complaint is incorporated herein by

reference.

      32.     FWS has failed to make a 12-month finding on Guardians' Petition to list the

Northern Leatherside Chub (*Lepidomeda copei*) and has failed to publish such finding in the

Federal Register.

      33.     FWS has violated its mandatory duty under the ESA by failing to make a 12-

month finding for the Northern Leatherside Chub (*Lepidomeda copei*) within 12 months of

receiving Guardians' Petition.  16 U.S.C. § 1533(b)(3)(B).

      34.     By failing to render a 12-month finding on Guardians' Petition to list the Northern

Leatherside Chub (*Lepidomeda copei*) FWS has acted contrary to law and has unreasonably delayed and unlawfully withheld compliance with section 4(b)(3)(B) of the ESA within the meaning of the APA.  16 U.S.C. § 1533(b)(3)(B); 5 U.S.C. § 706.

## REQUEST FOR RELIEF

WHEREFORE, Guardians requests that this Court enter judgment providing the following relief:

1.      A declaration that FWS has violated the ESA within the meaning of the APA by failing to make a 12-month finding on Guardians' Petition to list the Northern Leatherside Chub (*Lepidomeda copei*);

2.      An injunction compelling FWS to make a 12-month finding on Guardians' Petition to list the Northern Leatherside Chub (*Lepidomeda copei*), and to publish such finding in the Federal Register by a reasonable date certain;

3.      An order awarding Guardians its costs of litigation, including reasonable attorney's fees; and

4.      Such other and further relief as the court deems just and proper.

Respectfully submitted this 28th day of January, 2010.

*/s/ Julie Cavanaugh-Bill*
_____
Julie Cavanaugh-Bill
Nevada State Bar No. **11533**
HC 30, Box 260
Spring Creek, NV 89815
Phone: 775-744-2565
Fax: 775-744-2595
E-Mail: juliecavanaughbill@igc.org


*/s/ James J. Tutchton*
_____
James J. Tutchton, *Pro Hac Vice Application to Be Filed*
General Counsel
WildEarth Guardians
1536 Wynkoop Street, Suite 301
Denver, CO 80202
Tel: (720) 301-3843
Email: jtutchton@wildearthguardians.org


Address of Plaintiff:

WildEarth Guardians
312 Montezuma Ave.
Santa Fe, New Mexico  87501-3606